(No. 36045.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* AMOS CARGER, Plaintiff in Error.

*Opinion filed January 23, 1962.*

J. ROBERT GEIMAN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and DEAN H. BILTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

A jury in the criminal court of Cook County found the defendant, Amos Carger, guilty of the unlawful possession of narcotic drugs, and he was sentenced to the penitentiary for a term of not less than five nor more than ten years. On this writ of error he argues that he was not proved guilty beyond a reasonable doubt.

The record shows that on the afternoon of July 23, 1959, three police officers were sent to a tavern at 211 East

35th Street in Chicago to conduct a "narcotic investigation." One of the officers, John McDermott, testified that upon entering the tavern, he and officer Neil Francis stayed in the front part of the tavern, while officer Robert Lopez went toward the rear. There were about 30 to 35 persons in the tavern, and its floor was littered with debris. McDermott said that the defendant walked away from him and toward the rear of the tavern, and that as he was walking, McDermott saw a candy wrapper drop from his hand. He testified that while he did not actually see the wrapper in the defendant's hand, he did see it while it was falling to the floor from the defendant's open hand. In the wrapper, inside a little plastic bag, there were fifteen capsules which were found to contain heroin. McDermott told the defendant that he was under arrest, and the defendant lifted the umbrella which he had on his arm in the direction of officer Lopez, who was approaching from the rear of the tavern. After a short scuffle, during which Lopez gave the defendant "a judo chop," he was restrained and taken to police headquarters.

Officer Lopez testified that when McDermott attempted to arrest the defendant, the defendant walked away from him toward the rear of the tavern, and that when Lopez came toward the defendant he raised his umbrella and attempted to strike him. Officer Francis testified that after McDermott picked up something from the floor, he reached over and tried to stop the defendant, who kept on walking toward the rear of the tavern and lifted his umbrella when Lopez walked toward him.

The defendant testified in his own behalf, and denied that he had had any narcotics in his possession. He said that there were about 100 people in the tavern; that McDermott had been looking at the arms of the various customers in the tavern, and noticed some old scars on defendant's arm; that he told McDermott "I don't mess no more with narcotics." He denied that he attempted to strike

Officer Lopez and testified that Officer McDermott hit him in the face without provocation. On rebuttal McDermott denied that he had struck the defendant.

The defendant contends that his own denial, coupled with the fact that only officer McDermott testified as to his possession of the narcotics, creates a reasonable doubt as to his guilt. In our opinion this contention must be rejected. The credibility of the witnesses was for the jury to determine, and they were not bound to accept the testimony of the defendant and reject that of the officers. While only McDermott saw the wrapper falling from the defendant's hand, the testimony of the officers, if believed, established that the defendant had resisted arrest. Under these circumstances the jury could infer, from the defendant's resistance, his consciousness of guilt, and hence his guilt. 2 Wigmore on Evidence, 3rd ed., sec. 276.

The judgment is affirmed.

*Judgment affirmed.*